

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*
*Criminal Division*

---

*970 Broad Street, 7th floor*         *973-645-2700*
*Newark, New Jersey 07102*

February 21, 2014

Henry E. Klingeman, Esq.
Krovatin Klingeman LLC
60 Park Place, Suite 1100           *Cr. 13-495 (ES)*
Newark, NJ 07102

      Re:  Plea Agreement with Teresa Giudice

Dear Mr. Klingeman:

    This letter sets forth the plea agreement between your client, Teresa Giudice, and the United States Attorney for the District of New Jersey ("this Office").

Charges

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Teresa Giudice to Counts 1, 15, 23, and 36 of the Superseding Indictment, Criminal No. 13-495 (ES), which charge conspiracy to commit mail and wire fraud, contrary to 18 U.S.C. §§ 1341 and 1343, in violation of 18 U.S.C. § 1349 (Count 1); concealment of assets in violation of 18 U.S.C. § 152(1) (Count 15); false oaths in violation of 18 U.S.C. § 152(2) (Count 23); and false declarations in violation of 18 U.S.C. § 152(3) (Count 36).  If Teresa Giudice enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Teresa Giudice for her conduct between in or about September 2001 through in or about June 2011 in conspiring with others to obtain mortgage loans by means of fraud and misrepresentations; committing bankruptcy fraud by concealing assets, making false oaths, and making false declarations; and failing to file income taxes.  In addition, if Teresa Giudice fully complies with all

of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts 2 through 14, 16 through 21, and 26 through 35 of the Superseding Indictment, Criminal No. 13-495 (ES), against Teresa Giudice. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Teresa Giudice may be commenced against her, notwithstanding the expiration of the limitations period after Teresa Giudice signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 charged in Count 1 to which Teresa Giudice agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 152(1) charged in Count 15 to which Teresa Giudice agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 152(2) charged in Count 23 to which Teresa Giudice agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 152(3) charged in Count 36 to which Teresa Giudice agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Teresa Giudice is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Teresa Giudice ultimately will receive.

Further, in addition to imposing any other penalty on Teresa Giudice, the sentencing judge: (1) will order Teresa Giudice to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Teresa Giudice to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Teresa Giudice, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offenses; and (4) pursuant to 18 U.S.C. § 3583, may require Teresa Giudice to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Teresa Giudice be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Teresa Giudice may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Teresa Giudice by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature

and extent of Teresa Giudice's activities and relevant conduct with respect to this case.

Stipulations

This Office and Teresa Giudice agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.

This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Teresa Giudice from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Teresa Giudice waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of her acceptance of responsibility and pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A) and 28 U.S.C. § 2461,

4

Teresa Giudice agrees to be held jointly and severally liable with Giuseppe Giudice, a/k/a "Joe Giudice," her co-defendant in this matter, for the total amount of proceeds obtained via conspiracy to commit mail and wire fraud and bankruptcy fraud, and consents to the entry of a forfeiture money judgment in that amount (the "Forfeiture Money Judgment"). The parties agree that the amount of the Forfeiture Money Judgment shall be determined by the Court at sentencing.

Teresa Giudice acknowledges that the Forfeiture Money Judgment is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to a violation of conspiracy to commit mail and wire fraud contrary to 18 U.S.C. §§ 1341 and 1343, in violation of 18 U.S.C. § 1349; concealment of assets in violation of 18 U.S.C. § 152(1); false oaths in violation of 18 U.S.C. § 152(2); and false declarations in violation of 18 U.S.C. § 152(3), all of which constitutes specified unlawful activities within the meaning of 18 U.S.C. § 981(a)(1)(C).

Teresa Giudice agrees to surrender $200,000.00 (the "Initial Payment") to the government on or before the date she is sentenced pursuant to this agreement. The Initial Payment will be applied in partial satisfaction of the Forfeiture Money Judgment. Teresa Giudice agrees and understands that she remains responsible for the outstanding balance of the Forfeiture Money Judgment until the Forfeiture Money Judgment is paid in full.

Payment of the Initial Payment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the Internal Revenue Service. On or before the date she is sentenced pursuant to this agreement, Teresa Giudice shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

Teresa Giudice agrees to the forfeiture of any other property alleged to be subject to forfeiture in the Superseding Indictment, including substitute assets, in full or partial satisfaction of the Forfeiture Money Judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full. Teresa Giudice further agrees to fully cooperate with the Office in establishing a payment plan, surrendering assets, or in any other action taken by the Office to satisfy the Forfeiture Money

Judgment.

Teresa Giudice agrees to disclose all of her assets to the United States on a Financial Disclosure Statement to be provided by this Office and agrees to provide the Financial Disclosure Statement by the date that a draft presentence report is circulated in this matter. Teresa Giudice agrees that if the government determines that she has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, Teresa Giudice consents to the administrative, civil, and/or criminal forfeiture of her interests in any assets that she failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Teresa Giudice knowingly and voluntarily waives her right to any required notice concerning the forfeiture of said assets. Teresa Giudice further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

Teresa Giudice further agrees to consent to the immediate entry of an order of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Teresa Giudice understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Teresa Giudice hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Teresa Giudice understands that, if she is not a citizen of the United States, her guilty plea to the charged offenses may result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Teresa Giudice understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Teresa Giudice wants and agrees to

plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Teresa Giudice understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Teresa Giudice waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Teresa Giudice. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Teresa Giudice.

Prior to the date of sentencing, Teresa Giudice shall: (1) file accurate personal returns for calendar years 2000 through 2011; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States.

No Other Promises

This agreement constitutes the plea agreement between Teresa Giudice and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in

writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: JONATHAN W. ROMANKOW
RACHAEL A. HONIG
Assistant U.S. Attorneys

APPROVED:

DAVID E. MALAGOLD,
Unit Chief, Criminal Division

8

I have received this letter from my attorney, Henry E. Klingeman, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____     Date: 2/26/14
Teresa Giudice

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 2/26/14
Henry E. Klingeman, Esq.

9

Plea Agreement With Teresa Giudice

Schedule A

1. This Office and Teresa Giudice recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Teresa Giudice nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2013 applies in this case.

3. The applicable offense guideline is § 2B1.1(a)(1)(B), which carries a Base Offense Level of 7.

4. Specific Offense Characteristic § 2B1.1(b)(1)(G) applies since the loss resulting from the defendant's conduct was more than $200,000 but less than $400,000, resulting in an increase of 12 levels.

5. Specific Offense Characteristic § 2B1.1(b)(9)(B) applies since the offense involved a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding, resulting in an increase of 2 levels.

6. The parties agree that Teresa Giudice was not a minimal participant and is therefore not entitled to a three or four point decrease pursuant to U.S.S.G. § 3B1.2. This Office will not oppose Teresa Giudice's claim that she is a minor participant in the criminal activity and that she is entitled to a decrease of 2 levels pursuant to U.S.S.G. § 3B1.2(b).

7. In accordance with the above, the parties agree that the total Guidelines offense level is 19.

8. As of the date of this letter, Teresa Giudice has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Teresa Giudice's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, Teresa Giudice has assisted authorities in the investigation or prosecution of her

own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.  At sentencing, this Office will move for a further 1-point reduction in Teresa Giudice's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met:  (a) Teresa Giudice enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Teresa Giudice's acceptance of responsibility has continued through the date of sentencing and Teresa Giudice therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Teresa Giudice's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Teresa Giudice is 16 (the "agreed total Guidelines offense level").

11. Teresa Giudice reserves the right to move for a downward departure under U.S.S.G. § 5H1.6 (Family Ties and Responsibilities), and to argue for a variance under 18 U.S.C. § 3553(a).  The government reserves the right to oppose such a motion and to oppose such a variance.  The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

12. Teresa Giudice knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 16.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 16.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to

herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.