# Stacy Ann Biancamano, Esq.
# Biancamano Law, LLC

560 Main Street
Chatham, NJ  07928
Phone:  (973) 507-9792
Fax:  (973) 507-9794
Email:  SBiancamano@BiancamanoLaw.com

October 20, 2014

<u>Via E-file</u>
Honorable Esther Salas, USDJ
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 5A
Newark, NJ 07101

      Re:  **United States v. Teresa Giudice**
          **Criminal No.:  13-495(ES)**

Dear Judge Salas:

  As Your Honor is aware, Ms. Giudice was sentenced on October 2, 2014 to a 15-month term of incarceration.  Since that time, she has been supervised by pretrial services without incident awaiting her surrender date of January 5, 2015.

  During Ms. Giudice's sentencing, the Court expressed its intent to have Ms. Giudice serve her sentence in a camp environment.  The sentencing transcripts reflect that Your Honor mentioned "Danbury and West Virginia."  We acknowledge that at the time of sentencing densense counsel did not ask for a specific designation.  However, upon review of the judgment of conviction, and in discussions with a BOP expert, the language of the judgment as written will likely result in Ms. Giudice becing designated to MDC Brooklyn or MCC Manhattan, New York, both of which are administrative detention facilities that house females.  This was clearly not the intention of the court when inquiring as to Danbury or West Virginina as a designation. Ms. Giudice's offense and her BOP classification will qualify her to be designated to a camp, however the language of the judgment must reflect the same. At this time, we respectfully request the Court to amend Ms. Giudice's JOC to state "the Court strongly recommends a non-administrative facility placement, specifically, the FCI Danbury Satellite Camp to facilitiate visitiation with her young children or if Danbury is full, we would ask for an alternative camp, specifically Alderson in West Virginia, for Ms. Giudice to serve her sentence.

  Addtionally we respectufully request the court to add the maximum amount of Residential Re-entry Center (RRC/Halfway House) placement afforded under the Second Chance

Act" to the judgement as this will insure she receives proper credit on her sentence and the appropriate halfway house designation.

Thank you in advance for Your Honor's consideration in this matter.

Respectfully submitted,

Stacy Ann Biancamano

SAB
cc:   Jonathan W. Romankow, AUSA
      Beth L. Neugass, Deputy Chief U.S Probation Officer
      Teresa Giudice