

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*　　　　　　　　　　　　*(973)645-2700*
*Newark, New Jersey   07102*

October 21, 2014

**ELECTRONICALLY FILED**

Honorable Esther Salas
United States District Judge
Martin Luther King, Jr. Federal Building
　& Courthouse
50 Walnut Street
Newark, New Jersey 07102

　　　　Re:　United States v. Teresa Giudice, Crim. No. 13-495(2) (ES)

Dear Judge Salas:

　　　This letter responds to defendant's letter, filed with the Court yesterday, requesting two changes to the Judgment of Conviction (the "Judgment") in this matter.

　　　Defendant first requests that the Court amend the Judgment to state that the Court "strongly recommends" that the Bureau of Prisons ("BOP") designate a camp facility, rather than an administrative facility, as the location at which defendant will serve her sentence.  If it was the Court's intention at sentencing to recommend a camp facility, the United States has no objection to the Court's clarification of the judgment to reflect this intent – recognizing, of course, that the ultimate decision regarding defendant's designation remains with the BOP.

　　　Defendant's second request is that the Court "add the maximum amount of [halfway house] placement afforded under the Second Chance Act to the [judgment] as this will insure that she receives proper credit on her sentence and the appropriate halfway house designation."  The government opposes this request.  The Second Chance Act provides that in the discretion of the BOP, a defendant may serve up to 12 months of his or her sentence in a halfway house facility.  The BOP takes several factors into account in making such a designation, including the

recommendation of the Court, if any.

It was clearly not the Court's intention at the sentencing in this matter to sentence defendant to serve all or virtually all of her sentence in a halfway house.[1] The Court made detailed, express findings on the record about the need to sentence defendant to jail in order to satisfy the factors set forth in 18 U.S.C. § 3553(a).  To amend the Judgment now to include a recommendation of 12 months in a halfway house would be to undercut all of these findings completely.

Thus, defendant is requesting a substantive change to her sentence, not a mere clarification of the Court's original intent.  Rule 35 of the Federal Rules of Criminal Procedure provides that while a Court may "correct a sentence that resulted from arithmetical, technical, or other clear error," it must do so within 14 days of sentencing.  Defendant was sentenced on October 2, 2014, and so defendant's request is untimely.  There was no "clear error" here, in any event.  Indeed, halfway house designation was not raised at all by the parties at the sentencing nor was it discussed by Your Honor.

Finally, the absence of the language defendant requests will not foreclose her from being considered for placement in a halfway house for up to twelve months – as set forth above, the Second Chance Act requires that she must be so considered.  The BOP takes several factors into account in determining whether a defendant should be designated to such a facility, including the defendant's need for the services provided in order to effectively re-enter society after incarceration.  Those who are most in need of those services are the ones most likely to receive them.  In addition, the BOP has informed the government that the language that defendant has requested regarding halfway house placement has absolutely no bearing on her receipt of "proper credit on her sentence" and thus is not, as defendant states, necessary for that purpose.

---

[1] If defendant serves "the maximum" amount of time under the Second Chance Act in a halfway house, this will mean that she serves 12 months in the halfway house and, at most, only three months in prison – and likely less, given the availability of good time credits and defendant's eligibility, by statute, to serve the last ten percent of her sentence on home confinement.

Thank you for considering this letter.

                         Respectfully submitted,

                         PAUL J. FISHMAN
                         United States Attorney

                         s/Rachael A. Honig

                         By: RACHAEL A. HONIG
                         JONATHAN W. ROMANKOW
                         Assistant U.S. Attorneys

cc:       Stacy Ann Biancamano, Esq. (by ECF)
          Beth Neugass, Deputy Chief, U.S. Probation (by courthouse mail)